| | |
|---|---|
| STATE OF MAINE<br>YORK, SS. | SUPERIOR COURT<br>CIVIL ACTION<br>DOCKET NO. |

| | |
|---|---|
| DANIEL M. MOORE,<br>P.O. Box 1876, Wells, Maine 04090-0706<br>County of York, State of Maine<br><br>            Plaintiff,<br>v.<br><br>TOWN OF WELLS, and<br>County of York, State of Maine,<br>JONATHAN L. CARTER, individually<br>And as Town Manager of Town of Wells,<br>County of York, State of Maine,<br><br>            Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    **COMPLAINT** |

Plaintiff Daniel M. Moore seeks damages in this case against defendants Town of Wells and Jonathan L. Carter in his individual capacity for the following conduct:

### I.    Contract.

1. The plaintiff Daniel M. Moore is and has been an employee of the Town of Wells since May of 1993.

2. Defendant Town of Wells is a body corporate and politic under the laws of the State of Maine.

3. During all times relevant to this Complaint defendant Jonathan L. Carter has been the Manager of the Town of Wells. During all of the matters with which this Complaint is concerned defendant Jonathan L. Carter has acted under color of state law. He is sued in his individual and representative capacities.

4. Defendant Jonathan L. Carter carried out certain illegal policies made by the

Town of Wells in addition to taking other illegal acts under color of law as appear below.

5.  During the period of his employment with the defendant Town plaintiff Moore rendered services to the Town for which he was entitled to certain hourly pay and certain fringe benefits established by law, custom, and contract.

6.  During all the period of plaintiff Moore's employment the Town maintained a defined benefit retirement plan by contract with the Maine Public Employees Retirement System.

7.  The retirement plan covered plaintiff Moore and was known as a "Participating Local District Plan" under Maine law. It is attached as "Attachment 1," six pages.

8.  As part of the Participating Local District Plan the Town was continuously required by contract to make certain contributions of monies to the Maine Public Employees Retirement System on a regular basis from public funds, the contribution known as the "employer share." The amount increased as the number of employees increased who elected to become members of the Plan.

9.  The Town was also obliged pursuant by state statute and pursuant to a contract with the Maine Public Employees Retirement System to continuously deduct on a gradual basis from the plaintiff Moore's paycheck an amount of money known as the "employee share."

10. The "employee share" was a small amount of money which was intended to enable the plaintiff to contribute to his or her retirement on a gradual basis during his or her working life in order to create financial security after retirement.

11. Pursuant to state statute and pursuant to the contract with the Maine Public Employees Retirement System the Town was continuously required to notify plaintiff Moore of

his entitlement to participate in the retirement Plan.

12.  The above stated provisions of the Plan in the paragraphs eight through eleven were intended by the statute, by the Maine Public Employees Retirement System, and by the Town to give the plaintiff Moore the benefit of the performance of the promises made by the Town. He is a third-party beneficiary of the contract.

13.  The Town did not perform its obligations as set forth above in paragraphs 8, 9, 10, and 11 above and continuously failed to inform plaintiff Moore of the existence of the Plan, of his right to participate in it, of his right to have the Town contribute funds on his behalf to the Maine Public Employees Retirement System, and of his obligation as a participant to have withdrawn from his pay in periodic installments during his working life an "employee share."

14.  Defendant Jonathan L. Carter, acting individually and on behalf of the Town, actively concealed from plaintiff Moore his entitlement to be a member of the Plan.

15.  As a direct consequence of the above violations of law and breach of the contract between the Maine Public Employees Retirement System and the Town plaintiff Moore has been to date deprived of several years of contributions to the Plan owed by the defendant and several years of "creditable service." With the lost years of "creditable service" the retirement benefit for the rest of plaintiff Moore's life is substantially less than it would otherwise be. However, this claim of lost benefits after retirement, however, cannot be determined at this time while he is still actively employed by the Town, nor until the retirement benefit is actually lost at the time of his application for retirement benefits, *and so is reserved by this Complaint until that time.*

16.     Because of the failure of the Town to subtract from Moore's pay small amounts periodically and pay them over to the Maine Public Employees Retirement System, plaintiff Moore has been deprived of the opportunity to achieve financial security in his old age.

17.     The Maine Public Employees Retirement System will not credit the plaintiff Moore with the time that he has served, without an order of this Court that it is obliged to pay the employer's share.

18.     WHEREFORE plaintiff Moore demands judgment for breach of contract and for such damages as may have already resulted from the breach and for specific performance of the contracts referred to above in allegations 5 through 12 against defendant Town of Wells in its official capacity and against defendant Carter in his individual capacity.

## II.     Second Claim

### [Fraud]

19.     Plaintiff Moore repeats and incorporates herein all previous allegations of this Complaint.

20.     Defendant Jonathan L. Carter, and other members of the Town's administrative staff fraudulently concealed from him and made false statements to him regarding the Plan at the beginning of plaintiff Moore's employment in 1993 and on various occasions thereafter. They took actions in furtherance of this fraud to cause the plaintiff Moore to believe that the retirement Plan was not available to him.

21.     Specifically, in order to deprive new employees, including the plaintiff Moore, of their entitlement to participate in the Plan, the defendants performed the following acts:

(a)     They entered into a Collective Bargaining Agreement to exclude from the Plan any new employees hired after January 1, 1992.

(b)     Defendants learned in February of 1992 from the Maine Public Employees Retirement System that they were obliged to make payments under the Plan for all persons eligible for membership until by a formal certified vote of the governing body to end the Plan was taken.

(c)     On April 23, 1993, the Town amended its Personnel Policy regarding the Maine Public Employees Retirement System. It attempted to exclude by a vote of the Board of Selectmen any employee, whether then employed or not, from joining the Plan after July 1, 1993. The Plan continued to operate.

(d)     The Maine Public Employees Retirement System again on June 2, 1993, informed the Town in writing of its obligation to continue to make payments for eligible employees until such time as the Town voted through formal certified vote to terminate the Plan.

(e)     In May and in October of 1993, Jonathan L. Carter informed plaintiff Moore that he could not be a member of the retirement Plan. This was in connection with his hiring in May of 1993, and in his hiring for a new position on October 20, 1993.

(f)     On September 8, 1994, the defendants signed a collective bargaining agreement to exclude from the Plan anyone hired after January 1, 1992.

(g) On April 29, 1995, the Town meeting voted to end the Plan, but only for *future* employees. On June 7, 1995, the Maine Public Employees Retirement System advised the Town that *current* employees had an opportunity to elect to remain as contributing members or withdraw from the Retirement System

(h) On May 24, 1995, defendant Carter signed a contract with the Maine Public Employees Retirement System to comply with the laws and regulations governing the PLD.

(i) By the above acts the defendants repeatedly and systematically failed to inform the plaintiff Moore of what the Town had been informed by the Maine Public Employees Retirement System, that is: that payments should be made to the Plan by all employees until such time as the Town's governing body by a formal vote voted to end the Plan and until such employees voluntarily withdrew their contributions.

22. The defendants either knew that the aforesaid representations made to plaintiff Moore and other prospective employees were false, or acted with reckless disregard of the representations truth or falsity.

23. The purpose of the defendants and their agents was to prevent plaintiff Moore from becoming a member of the Plan.

24. Plaintiff Moore justifiably relied upon the aforesaid representations and this reliance resulted in plaintiff Moore's *de facto* exclusion from membership in the Plan.

25. The defendants and their agents, and each of them, failed to inform and actively

concealed from the plaintiff Moore the Plan and its provisions, although they had a specific duty under the law and the contract to disclose the same.

28. The defendants and their agents performed the acts described above for the purpose of reducing membership in the Maine Public Employees Retirement System, and so avoid the employer contributions.

27. As a direct consequence of the actions of the defendants and their agents above set forth, the defendants deprived the plaintiff Moore of the benefit of membership in the Plan and so reduced its own expenses.

28. Plaintiff Moore discovered the above fraudulent conduct in June of 2013.

29. WHEREFORE, the plaintiff Moore demands judgment for compensatory and punitive damages, including costs, interest, fees and attorney's fees and for such other legal and equitable relief as the Court deems just for these fraudulent violations and misrepresentations against defendant Carter and the Town of Wells.

### III.   Third Claim

### [Constitutional rights]

30. Plaintiff Moore repeats and incorporates herein all previous allegations of this Complaint.

31. The Maine statute, 5 M.R.S.A. §18252, as it existed from time to time, and a public contract of which the plaintiff was a beneficiary conveyed a property interest to plaintiff Moore at all times during his employment with the Town. The property interest was his right to

membership in the governmental retirement Plan above described.

32. Neither prior to, nor subsequent to the exclusion of the plaintiff Moore from the Plan from 1993 until 2013, did the defendants offer or provide to plaintiff Moore any notice, decision, or opportunity to be heard concerning their decision to exclude him from the Plan.

33. Defendants' actions described in the above complaint were not random acts, but rather the result of a settled and agreed upon policy.

34. The Town's agents above described were acting under color of state law when they performed the acts set forth in this Complaint.

35. As a direct consequence of the acts above alleged plaintiff Moore has been deprived of the right to membership in the Retirement Plan; the right to have the employer pay the employer contributions; the right to have the employer withhold and pay over to the Retirement System the employee contributions; the right to the benefits of the contract between the Retirement System and the Town as those rights existed from 1999 to the present; the incurring of legal fees; and the pain and suffering experienced because of the intentional acts of the defendants.

36. Defendants have deprived plaintiff Moore of the above statutory rights and contractual rights that are property rights that may not be taken without due process of law, according to Article 1, §6-A of the Maine Constitution and the Fourteenth Amendment to the United States Constitution, made actionable by 42 U.S.C. §1983.

37. WHEREFORE, plaintiff Moore prays the Court to order the defendants to pay

damages pursuant to 42 U.S. Code §1983; to award attorney's fees; and to fashion such other relief as is fair and just and equitable in the circumstances against defendants Carter in his individual capacity and against the Town of Wells in its official capacity.

## IV. Fourth Claim
### [Wages Earned]

38. Plaintiff Moore repeats and re-alleges and incorporates herein as though set out at length all the previous allegations of this Complaint.

39. Since May 1993 plaintiff Moore provided services to the defendant Town.

40. The services provided by the plaintiff Moore were provided with the knowledge and consent of the defendant Town.

41. The defendants were obligated because of the services rendered by plaintiff Moore to pay to the Maine Public Employees Retirement System the "employer's share" for all of the weeks that he worked.

42. Defendant Town has not paid these sums referred to in the prior paragraph to the Maine Public Employees Retirement System, nor paid them to the plaintiff.

43. WHEREFORE, plaintiff Moore demands judgment pursuant to 26 M.R.S.A. §621-A and 26 M.R.S.A. §626-A for these wages earned, together with liquidated damages, interest, costs, and attorneys fees against defendants.

## V. Fifth Claim

### [Quantum Meruit]

44. Plaintiff Moore repeats and re-alleges and incorporates herein as though set out at length all the allegations in paragraphs above in this Complaint.

45. Over the years set forth above in allegation one the plaintiff provided services to the defendant Town.

46. The services provided by the plaintiff Moore were provided with the knowledge and consent of the defendant Town.

47. It was reasonable under the circumstances for plaintiff Moore to have expected payment for his services including all payments required by law, custom, and contract.

48. WHEREFORE, plaintiff Moore prays this Court to award the plaintiff the full value of his services including the employer share which the Town would have paid on his behalf to the Maine Public Employees Retirement System, and interest due until the full employee share is paid to the Maine Public Employees Retirement System; and such other equitable relief that the Court deems fair and just in the circumstances against defendants Carter in his individual capacity and against the Town of Wells in its official capacity.

## VI. Sixth Claim

### [Declaratory Judgment]

49. Plaintiff Moore repeats and re-alleges and incorporates herein as though set out at length all the allegations in paragraphs above in this Complaint.

50. Defendants maintain that the Town legally limited access to its Maine Public Employees Retirement System, Participating Local District Plan, for employees hired after January, 1992.

51. Defendants maintain that the Town limited this access referred to above by a contract with a Union which began in 1991 and by a Town Ordinance passed in April of 1993, both before the Town hired the plaintiff. Both the Collective Bargaining Agreement and the Ordinance appear below:

> Ordinance: §49-18
> As of July 1, 1993, the Maine State Retirement System Retirement Plan shall be available only to full-time employees enrolled in the Maine State Retirement System as of that date.

> Collective Bargaining Agreement: 1991-1993, Article 19.
> The Maine State Retirement System (MSRS) shall only be available to unit members employed and members of MSRS prior to January 1, 1992.

52. Plaintiff maintains that both the collective bargaining agreement provision and the Town Ordinance are inconsistent with the state statute governing Participating District Plans of the Maine Public Employees Retirement System and that they are illegal as applied to the plaintiff because at the time that the Town adopted them and enforced them against the plaintiff, the Town had not terminated its Participating Local District Maine Public Employees Retirement System Plan.

53. This case presents an actual case in controversy because the defendants presently maintain the above defenses which limit the plaintiff's access to the Participating Local District Plan.

54. Adjudication of this dispute will settle the validity of the Town's collective bargaining provision and Town Ordinance and remove an uncertainty in this case.

55. WHEREFORE, pursuant to 14 M.R.S.A. §5957 and §5953, and Maine Rule of Civil Procedure 57 plaintiff requests the Court to (1) issue a Declaratory Judgment that the Ordinance and the Collective Bargaining provision are unenforceable as applied to plaintiff; and (2) to Order a speedy hearing of this Declaratory Judgment court.

Dated this 3rd day of August, 2015, in Portland, Maine.

Respectfully submitted,

_____
Donald F. Fontaine / Bar No. 424
Attorney for Plaintiff Daniel M. Moore

Law Offices of Donald F. Fontaine
97 India Street
Portland, Maine 04101
207-879-1300
dff@fontainelaw.com

DFF/ccf

AGREEMENT BETWEEN

THE MAINE STATE RETIREMENT SYSTEM

AND     May 30 11 32 AM '95
AND     May 30 11 32 AM '95

THE TOWN OF WELLS

FOR PARTICIPATION IN
THE DEFINED BENEFIT PLAN ("THE PLAN") UNDER
THE CONSOLIDATED PLAN FOR PARTICIPATING LOCAL DISTRICTS

This Agreement is entered into between the Maine State Retirement System and the Town of Wells (employer code P0107) (hereinafter the "PLD"), a "participating local district" as defined by Section 1, Subsection E of Chapter 803 of the Rules of the Board of Trustees of the Maine State Retirement System (hereinafter the "MSRS Rules") and 5 MRSA Section 17001, Subsection 27, for the purpose of providing for the participation of the PLD's employees in the defined benefit plan (also known as "The Plan" and defined by Section 1, Subsection F of Chapter 803 of the MSRS Rules) of the Consolidated Retirement Plan established by Chapter 803 of the MSRS Rules in accordance with 5 MRSA, Chapter 427.

1. Election To Join

   The PLD, by resolution or order of its governing body, has elected to join "The Plan" as defined by Section 1, Subsection F of Chapter 803 of the MSRS Rules subject to the provisions of 5 MRSA, Chapter 427 and Chapter 803 of the MSRS Rules. Membership under The Plan for the employees of the PLD is governed by Section 3 of Chapter 803. All benefit provisions of Chapter 803 are applicable to employees who become members under The Plan, subject to elections made by the PLD as specified in this Agreement.

2. Service Retirement Plans

   For its regular service retirement plan, the PLD elects to join Regular Plan A as described in Chapter 803, section 7, subsection A.

   In addition, the following special service retirement plan[s] are elected:

   Special service retirement plan 3 as described in Chapter 803, Section 8, Subsection E is elected for the PLD's police officers.

   Special service retirement plan 3 as described in Chapter 803, Section 8, Subsection E is elected for the PLD's firefighters.

Attachment 1

ERHCTN

3. Date of Participation

Participation of the PLD and its employees in The Plan begins either on (1) July 1 immediately following the date on which this Agreement is signed by the Executive Director of the Maine State Retirement System and the authorized representative of the PLD or on (2) the date that The Plan goes into operation as provided by Chapter 803, Section 2, Subsection C, whichever date is later.

4. Election To Offer Benefits under Article 3-A to Current Disability Recipients

The PLD elects not to adopt 5 MRSA Section 18534, thereby not allowing its former employees who are recipients of disability retirement benefits under prior law the option of being governed by disability retirement provisions applicable to members under the Plan (5 MRSA, Chapter 425, Subchapter V, Article 3-A). A PLD choosing not to adopt this provision at the time of this Agreement may adopt it at a future date and amend this Agreement at that time.

5. Compliance with Statutes and MSRS Rules

The PLD and the Maine State Retirement System agree to comply with all requirements of 5 MRSA, Part 20, and of the MSRS Rules that are applicable to The Plan.

TOWN OF WELLS

_____
Signature of PLD Authorized Representative

Jonathan L. Carter
Town Manager

5-24-95
_____
Date Signed

MAINE STATE RETIREMENT SYSTEM

_____
Signature of the Executive Director or the Director's Designee

Claude R. Perrier
MSRS Executive Director

June 1, 1995
_____
Date Signed

---

For MSRS Office Use Only:

_____ [PLD Name]   Employer Code _____ [Code]

Effective Date of this Agreement: _____

Municipal  Office

Wells, Maine

Office of Town Manager

March 12, 1968

Mr. E.L. Walter, Executive Secretary
Maine State Retirement System
Augusta, Maine 04330

Dear Mr. Walter,

The Town of Wells, at the annual Town meeting held March 9, 1968, voted to accept for the employees of Wells a retirement program - coverage under the Maine State Retirement System.

Money was appropriated for membership only.

Please forward us the necessary forms or applications. Also, would it be possible to have a representative meet with the employees to further explain this program? If so, please advise as to date and time.

Very truly yours,

Clayton P. Bragdon

CLAYTON R. BRAGDON,
Town Manager

CRB/rws

March 13, 1968

Mr. Clayton R. Bragdon
Town Manager, Town of Wells
Wells, Maine 04090

Dear Mr. Bragdon:

We are in receipt of your letter of March 12, 1968, in which you advise that the Town had accepted the coverage under the Maine State Retirement System; however, we would ask that you supply us with two points of information so that we may have a specific statement in our files.

The first is--the effective date of the coverage; and I would advise you that from that point onward employees will be required to make contribution. Thus, if this were to be set as of January 1, 1968, it would be necessary that they pay back on earnings from that point onward.

The second is--that the Town is accepting only Membership Service as it appears that an appropriation was made to cover that service only.

Upon receipt of this information and the statements we will supply you with the material necessary.

I will do my best to speak with your employees and would ask you to set the time and date of two possible meetings as within the next two or three weeks I have several other meetings.

Thank you.

Very truly yours,

E. L. Walter
Executive Secretary

ELW:mtf



Municipal Office

Wells, Maine

Office of Town Manager

# 107

March 18, 1968

Mr. Edward L. Walter, Executive Secretary
Maine State Retirement System
Augusta, Maine 04330

Dear Mr. Walter:

In reply to your letter of March 13, 1968 as to the effective date and type of coverage: the effective date of coverage was set as Jan. 1, 1968; and the Town is accepting only membership service.

Employees will pay on earnings from January 1, 1968.

Two available dates for meeting with the employees are Monday, March 25th or Monday, April 1st, 1968, at 7:30 P.M. at the Wells High School.

If you have either of these dates open, please advise.

Very truly yours,

Clayton P. Bragdon

CLAYTON R. BRAGDON
Town Manager

CRB/rws

Barbara
April 1, ok

Annual Town Meeting, March 9, 1968          -13

Article 54-- A. To see if the Town will vote to participate with municipal employees in a retirement plan (Maine State Retirement System) on a 50% matching basis.
   B. To see if the Town will vote to raise and appropriate the sum of $6,074.00 to participate with municipal employees in a retirement plan (Maine State Retirement System) on a 50% matching basis.

   F. Higgins said no recommendation had been made by the Budget Committee as they had been waiting for a figure. They now recommended "YES".
   R. Batchelder moved to accept the recommendation of the Budget Committee. It was seconded by A. Perkins and so voted, to accept the entire article as recommended.

Article 18-- A. To see if the Town will vote to authorize the Selectmen to sell the 1938 Diamond T. Fire Truck, replaced by the 1967 Ford, for use of Wells Corner Hose Company, and to determine where funds received are to be credited.

   Budget Committee recommends proceeds of sale be credited to Unappropriated Surplus Account.

   On motion of F. Howe, seconded by A. Perkins, it was voted to follow the recommendation of the Budget Committee.

   B. To see if the Town will vote to authorize the Wells Corner Hose Co. and Selectmen to sell the 1938 Diamond T. fire truck, proceeds of which would be applied to the purchase of a two-way radio for the new fire truck.

   Budget Committee recommends NO.

   On motion of F. Howe and seconded by A. Perkins, it was voted to indefinitely postpone Article 18-B. --CORRECTION- to follow the recommendation of the Budget Committee.

Article 19-- To see if the Town will vote to raise and appropriate the sum of Thirty-five Hundred Dollars ($3500.00) to purchase a boat and other necessary equipment for the Wells Beach Hose Co. to be used for saving life and property in the town.

   Budget Committee recommends NO.

   On motion of F. Howe, seconded by A. Perkins, it was voted to follow the recommendation of the Budget Committee.

Article 20-- To see if the Town will vote to raise and appropriate the sum of Seven Hundred Dollars ($700.00) to purchase a DELUGE NOZZLE for the Wells Beach Hose Co.

   Budget Committee recommends NO.

   It was moved, seconded and duly voted to follow the recommendation of the Budget Committee.

Article 21-To see if the Town will vote to raise and appropriate a sufficient sum of money for gravel to grade and level the back yard at the Wells Beach Fire Station so as to provide better parking facilities.

   Budget Committee recommends NO

   It was moved, seconded and duly voted to follow the recommendation of the Budget Committee.